UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEANIECE D. CARTER,

    Plaintiff,

                                      Case No. 09-14994

v.

                                      Hon. John Corbett O'Meara

WASHTENAW COUNTY, *et al.,*

    Defendants.
    _____/

## ORDER GRANTING APPLICATION TO PROCEED
## *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing pro se, Plaintiff Geaniece D. Carter has filed a complaint against Washtenaw County, Washtenaw County Supports and Treatment Services, and Washtenaw County Health Organization, alleging wrongful discharge, violations of the Michigan Whistleblower Protection Act, violations of the Michigan and Federal False Claims Acts, extortion, ethics violations, defamation, and libel. Before the court is Plaintiff's application to proceed *in forma pauperis* and for the appointment of counsel.

The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff has presented primarily state claims; Plaintiff's only potential

federal cause of action arises under the False Claims Act.[1] A litigant cannot, however, bring a qui tam action under the False Claims Act pro se. See, e.g., United States ex rel. Lu v. Ou, 368 F.3d 773, 775 (7th Cir. 2004). Further, the court finds that Plaintiff has failed to present specific factual allegations regarding Medicaid fraud; accordingly, her complaint fails to plead fraud with the required particularity in compliance with Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. P. 9(b); United States ex rel. Marlar v. BWXT Y-12 L.L.C., 525 F.3d 439 (6th Cir. 2008) (holding that the elements of a FCA action must be pleaded with particularity as required by Rule 9(b)). For these reasons, the court will dismiss Plaintiff's claim under the Federal False Claims Act.

In light of the deficiencies in Plaintiff's federal claim, the court is not persuaded that this is one of the exceptional civil cases that warrants the appointment of counsel. Unlike in criminal cases, the appointment of counsel in a civil case is not a constitutional right, but is a privilege "justified only by exceptional circumstances." See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Lavado v. Keohene, 992 F.2d 601, 605 (6th Cir. 1993).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." This generally involves a determination of the "complexity of the factual and legal issues involved." Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.

Lavado, 992 F.2d at 605 (citations omitted). See also Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985) (in considering an application for appointment of counsel in

---

[1] Plaintiff's extortion claim arises under Michigan law. See Jersevic v. Kuhl, 2003 WL 1558207 (2003) (Michigan law recognizes a private right of action for extortion).

civil cases, the court "should at least consider a plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit"). The court will deny Plaintiff's application to appoint counsel, because she has not demonstrated that she has made efforts to obtain counsel on her own or that "exceptional circumstances" exist that warrant the appoint of counsel in this case.

With the dismissal of Plaintiff's federal claim, the court declines to exercise supplemental jurisdiction over Plaintiff's state claims. See Musson v. Federal Express Corp., 89 F.3d 1244, 1255 (6th 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for the appointment of counsel is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

s/John Corbett O'Meara
United States District Judge

Date: August 13, 2010

I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, August 13, 2010, using ordinary mail first-class mail.

s/William Barkholz
Case Manager